UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| GARY DAILY, KARL N. SMITH, BRIAN LEE PHILPOTT, STEPHEN BAUER, KEVIN ROBERTSON, RAYMOND CATLETT, JAMES E. CLARK, JASON L. MOORE, MATTHEW HARDIN, CHAD SEXTON, ERIC MICHAEL SETTLE, RICKY HODGE, THOMAS OEHLER, KIMBERLY T. TATE, NATHAN TANNER, WILLIAM ROGER BENNETT, GREGORY DENNIS KESSEL, TODD G. ROBERTSON, THOMAS BAKER, ALEX E. BOWER, MARK H. BASHAM, ZACH RAYMER, JAMES WHITTED, and TROY TINGLE,<br><br>    Plaintiffs,<br><br>v.<br><br>ZEON CHEMICALS LIMITED PARTNERSHIP,<br><br>    Defendant. | CASE NO.: 3:19-CV-109-JHM<br><br>*Electronically Filed* |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant Zeon Chemicals Limited Partnership ("Defendant" or "Zeon") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446(a) in the office of the Clerk of the United States District Court for the Western District of Kentucky, Louisville Division. Defendant shows by its undersigned counsel, that:

1. Plaintiffs Gary Daily, Karl N. Smith, Brian Lee Philpott, Stephen Bauer, Kevin Robertson, Raymond Catlett, James E. Clark, Jason L. Moore, Matthew Hardin, Chad Sexton, Eric Michael Settle, Ricky Hodge, Thomas Oehler, Kimberly T. Tate, Nathan Tanner, William Roger Bennett, Gregory Dennis Kessel, Todd G. Robertson, Thomas Baker, Alex E. Bower, Mark H. Basham, Zach Raymer, James Whitted, and Troy Tingle ("Plaintiffs") brought an action against

Defendant in the Jefferson Circuit Court, Jefferson County, Kentucky, Civil Action Number 19-CI-00446, by filing a Summons and Complaint on or about January 23, 2019. True copies of all process, pleadings, and orders served upon Defendant are attached hereto as Exhibit A.

2.   The Jefferson Circuit Court is located within the jurisdiction of the United States District Court, Western District of Kentucky, Louisville Division. *See* 28 U.S.C. §§ 1441(a), 1446(a).

3.   Defendant was first served with a copy of the summons and Complaint on January 25, 2019, thus, this Notice of Removal is filed within thirty (30) days of the receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. *See* 28 U.S.C. § 1446(b)(1).

4.   Plaintiff's action against Defendant is one over which the Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331, in that it arises under the laws of the United States. As such, this action is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441.

5.   The Court has federal question jurisdiction of this action under 28 U.S.C. §§ 1331 and 1441 because Plaintiff's claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Section 301 preempts state law causes of action where (a) resolving the claim would require interpretation of the terms of the collective bargaining agreement, or (b) the claim asserts rights created by the collective bargaining agreement. *See, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985) ("when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, . . . or dismissed as pre-empted by federal labor-contract law"); *see also DeCoe v.*

*General Motors Corp.*, 32 F.3d 212, 216-17 (6th Cir. 1994). Either requirement is sufficient, and both exist here, so this matter is removable pursuant to 28 U.S.C. §§ 1331 and 1441.

6. All of the Plaintiffs are current or former employees of Zeon and each is — or was at the time of their employment with Zeon — a member of the collective bargaining unit represented by the United Food and Commercial Workers International Union, AFL/CIO,CLC Local 72D ("Local 72D"). (Ex. B, Barbara Swartz Decl. ¶ 3.) During all times relevant to the Complaint, the terms and conditions of employment for each Plaintiff were and are governed by a collective bargaining agreement ("CBA"), true and correct copies of which are attached as Exhibits 1-3[1] to the declaration of Barbara Swartz. (*Id.* ¶ 4 & Exs. 1-3.)

7. An entire Article of the 2012, 2015, and 2017 CBAs address the very issue that is the subject of Plaintiffs' Complaint: "Wages and Hours." Such relevant provisions include the following:

- [Zeon] agrees to pay the employee the amount of wages set forth for the various classifications in the Wage Schedules, attached hereto, effective on the dates shown. (*Id.*, Ex. 1, Art. IV, ¶ 16, p. 7; *id.*, Ex. 2, Art. 5, ¶ 13, p. 7; *id.*, Ex. 3, Art. V, ¶ 11, p. 5.)

- All overtime hours shall be paid the rate of time and one half. All hours worked on Sunday, which are not paid another premium rate, will be paid a premium of 50% of the regular rate multiplied by the number of hours worked. (*Id.*, Ex. 1, Art. IV, ¶ 18, p. 8; *id.*, Ex. 2, Art. V, ¶ 15, p. 8; *id.*, Ex. 3, Art. V, ¶ 13, p. 8.)

- An employee requested to work beyond his regular shift will be paid the applicable premium rate for the time so worked. (*Id.*, Ex. 1, Art. IV, ¶ 24, p. 9; *id.*, Ex. 2, Art. V, ¶ 21, p.8; *id.*, Ex. 3, Art. V, ¶ 19, p. 9.)

---

[1] Exhibit 1 to the Declaration of Barbara Swartz contains the 2012 CBA covering the time period from October 12, 2012 to October 11, 2015. Exhibit 2 to the Declaration of Barbara Swartz contains the 2015 CBA covering the time period from October 12, 2015 to October 11, 2017. Exhibit 3 to the Declaration of Barbara Swartz contains the 2017 CBA covering the time period from October 12, 2017 to the present and through October 11, 2022. (Ex. B, Swartz Decl. ¶ 4.)

- Employees who work on [above-described] holidays shall be paid two and one-half times their regular hourly rate for all hours worked. (*Id.*, Ex. 1, Art. V, ¶ 34, p. 11; *id.*, Ex. 2, Art. VI, ¶ 30, p. 9; *id.*, Ex. 3, Art. VI, ¶ 32, p. 15.)

8. The CBAs further address another issue raised in the Complaint: clocking in and clocking out. Such relevant provisions include the following:

- Employees may clock out, when properly relieved, provided they do not leave their workplaces earlier than five minutes before the end of their shift. It is agreed that those who violate the provision are subject to discipline up to and including dismissal. (*Id.*, Ex. 1, ¶ 116, p. 64; *id.*, Ex. 2, ¶ 122, p. 26.)

- Employees may clock out, when properly relieved, provided they do not leave their workplaces earlier than five minutes before the end of their shift. It is agreed that those who violate the provision are subject to discipline up to and including dismissal. In order to facilitate a proper relief and turnover discussion, the start time of the on-coming shift OR the end time of the leaving shift can be adjusted by 15 minutes to provide a paid overlap of coverage. This will be applied uniformly across all shift workers and will be subject to all overtime and attendance policies. (*Id.*, Ex. 3, ¶ 131, p. 51.)

9. Plaintiffs' Complaint invokes KRS Chapter 337 alleging that they were required to "work," but were not paid all of the "wages" they are entitled to. (Compl. ¶¶ 3-4.) KRS Chapter 337 defines wages as being the compensation "***agreed upon*** by the employer and employee." KRS 337.010(1)(C)1 (emphasis added). By claiming that Zeon did not pay Plaintiffs all of the wages they are entitled to, the Complaint necessarily invokes the collective bargaining agreements and requires an analysis of the collective bargaining agreements to determine how the parties defined the term "work" and the "wages" that they "agreed upon." By claiming that they are entitled to "unpaid wages," (Compl. ¶ 4,) Plaintiffs are, in essence, alleging a breach of the collective bargaining agreements.

10. Further, on November 8, 2017, Local 72D filed a grievance with Zeon over the very issues raised in the Complaint. (Ex. B, Swartz Decl. ¶ 5 & Ex. 4.) This grievance, filed by Local

4

72D on behalf of Plaintiffs, constitute an admission that they understood that their claims were about the correct interpretation of the CBA with respect to the term "work" and the agreed upon "wage." As a consequence, Plaintiffs, through their collective bargaining representative, have acknowledged that their claims require an interpretation of the CBA.

11. For the reasons set forth above, Plaintiffs' Complaint asserts independent claims for relief within this Court's jurisdiction pursuant to LMRA, which has fully preempted state law in this area. Specifically, Section 301 of the LMRA states, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court in the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Here, the "rights claimed by the plaintiff[s] were created by the collective bargaining agreement" and "resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement." *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004). Thus, the claims asserted in the Complaint are completely preempted.

12. Although all of the claims asserted in the Complaint are completely preempted by the Labor Management Relations Act and the Court has original federal question jurisdiction over all such claims, *see supra* ¶¶ 4-11, the Court, in the alternative, has supplemental jurisdiction, pursuant to the provisions of 28 U.S.C. § 1367(a), over any state law claims determined by the Court not to be completely preempted because said claims are so related to the claims over which the Court has original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. This matter is removable to this Court pursuant to 28 U.S.C. § 1441.

PLEASE TAKE FURTHER NOTICE that Defendant, upon filing this Notice of Removal with the Clerk of the U.S. District Court for the Western District of Kentucky, has served the Notice of Removal on counsel for Plaintiff on the date set forth in the attached Certificate of Service and has also filed a copy of this Notice of Removal with the Clerk of the Jefferson Circuit Court, to effect removal of this action to this Court, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

FROST BROWN TODD LLC

/s/ Richard S. Cleary
Richard S. Cleary
rcleary@fbtlaw.com
Kyle D. Johnson
kjohnson@fbtlaw.com
400 West Market Street, 32nd Floor
Louisville, KY 40241
Telephone: (502) 589-5400
Facsimile: (502) 581-1087
*Counsel for Defendant Zeon Chemicals Limited Partnership*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, and have served a copy of the foregoing and the notice of electronic filing by first class U.S. Mail, postage prepaid, upon the following:

W. Kenneth Nevitt
kennevitt@hotmail.com
Nevitt Law Office
600 East Main St., Suite 100
Louisville, Kentucky 40202

/s/ Richard S. Cleary
*Counsel for Defendant Zeon Chemicals Limited Partnership*

0123861.0716825   4839-6809-8440v1