# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO: 3:19-CV-00109-JHM

GARY DAILY, et al.                                              PLAINTIFFS

V.

ZEON CHEMICAL LIMITED PARTNERSHIP                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

Defendant removed this matter from state court claiming that all of Plaintiffs' claims are completely preempted by Section 301 of the Labor Management Relations Act. On the same basis, Defendant moves to dismiss Plaintiffs' claims. [DN 13].[1] Plaintiffs assert that their claims are not preempted. The Court agrees with Plaintiffs and remands this case to the Jefferson Circuit Court.

## I. BACKGROUND

Past and present employees of Defendant Zeon Chemical Limited Partnership ("Zeon") brought this action claiming they worked in excess of 40 hours a week and that they were not compensated for said work as required by state law. According to the Complaint, "Plaintiffs were required for the convenience of Zeon to report to work and clock-in and clock-out, but during said times were not paid for all of such times for their work." (Amend. Compl. [DN 11] ¶ 3).

Originally, this lawsuit was filed by Plaintiffs in Jefferson Circuit Court. On February 14, 2019, Zeon removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, claiming that the action is completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Zeon argues that the relevant issues in this lawsuit are governed by a collective bargaining agreement (the "CBA") between the parties

---

[1] Defendant's Motion to Dismiss the original complaint [DN 8] is moot due to the filing of the Amended Complaint [DN 11].

that requires arbitration to resolve disputes. On this basis, Zeon argues the lawsuit must be dismissed. The Court heard oral arguments on this issue on June 3, 2019.

## II. RELEVANT LAW

Plaintiffs' Amended Complaint asserts one claim under state law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). For this reason, "a case may *not* be removed to federal court on the basis of a federal defense," such as preemption. *Id.* at 393 (emphasis in original). The only exception to the well-pleaded complaint rule is the "complete pre-emption" doctrine. *Id.* "On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Therefore, the question before the Court is whether the Plaintiffs' claim is completely preempted by the LMRA. If not, the Court lacks subject matter jurisdiction and the case must be remanded.

Section 301 of the LMRA completely preempts state law claims based on the violation of a collective bargaining agreement. 29 U.S.C. § 185(a). Based on the Supreme Court's guiding principles, the Sixth Circuit developed a two-step approach for determining whether § 301 preemption applies. *Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004) (citing *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994)). The court must first examine whether proof of the state law claim requires interpretation of a collective bargaining agreement. Next, the court must decide whether the claims of the plaintiffs are created by a collective bargaining agreement or by state law. If the claim is created by state law and does not invoke interpretation

of a collective bargaining agreement, then there is no preemption. However, a state law claim is preempted by § 301 (1) if "the rights claimed by the plaintiff were created by the collective bargaining agreement," or (2) if "resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement." *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004) (citing *DeCoe*, 32 F.3d at 216).

### III. DISCUSSION

The basis of this lawsuit is the Plaintiffs' contention that prior to December 2017, they were not fairly paid for the time they gave to their employer during shift changes. In seeking to right this perceived wrong, the Plaintiffs had two different avenues of relief. Their first option was to file a grievance using the process outlined in the CBA they had with Zeon. Back in November 2017, Plaintiffs did pursue this avenue and filed a grievance through their local union. However, in July 2018, Plaintiffs withdrew the grievance against Zeon. Instead, Plaintiffs opted to go with the second avenue for relief: to vindicate their rights under state law.

Federal and state statutes make certain guarantees to employees. For example, the LMRA and its Kentucky counterpart—the Kentucky Wage and Hours Act (KWHA)—guarantee overtime pay for employees who work in excess of forty hours per week. 29 U.S.C. § 201(a)(1); Ky. Rev. Stat. § 337.285. If an employee feels that he or she is not being sufficiently paid, both federal and state law "authorizes an uncompensated or undercompensated employee to sue the employer in 'any court of competent jurisdiction' for the amount due and unpaid, plus liquidated damages, costs and attorney fees." *Parts Depot, Inc. v. Beiswenger*, 170 S.W.3d 354, 358 (Ky. 2005) (citing Ky. Rev. Stat. § 24A.120(1)); *see also* 29 U.S.C. § 216(b). In litigating these claims, courts have developed a body of case law. Federal case law is much more robust than Kentucky law, which is why Kentucky courts often rely on federal case law where "KWHA's regulations are

3

'substantially similar' to their federal equivalents, and there is no state case law on point." *Vance v. Amazon.com, Inc.* (*In re* Amazon.com, Inc.), 852 F.3d 601, 615 (6th Cir. 2017).

Using the two-step approach outlined in *DeCoe*, the Court finds § 301 of the LMRA does not completely preempt Plaintiffs' wage and hour claim. First, the Plaintiffs are not pursuing rights created by the CBA. Zeon argues, "The issues raised in the Complaint—i.e., wages and hours, overtime pay, shift schedules, and clock-in/clock-out procedures—are all issues governed and controlled by the collective bargaining agreement between [Plaintiffs] and Zeon." (Mem. in Support of Mot. to Dismiss [DN 8-1] at 2). While it may be true that these issues are addressed by the CBA, as discussed above, the Plaintiffs chose to rely solely on protections from the Kentucky statutes in this lawsuit. As the Plaintiffs noted in their Response, "[W]hen Congress made unions the exclusive representative of employees for purposes of collective bargaining, it did not mean to establish unions as the exclusive representative of employees for purposes of all wage-related litigation." *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 621 (6th Cir. 2004). Plaintiffs, as masters of the Complaint, opted to pursue their rights under Kentucky law, taking no account whatsoever of the CBA with Zeon.

This case stands in contrast to a previous LMRA preemption case before this Court. In *Saunders v. Ford Motor Co.*, the Court determined that a wage and hour claim brought by an employee was preempted by the LMRA. No. 3:14-cv-00594-JHM, 2016 WL 6868155 (W.D. Ky. Nov. 18, 2016). In that case, the plaintiff, Saunders, complained that his employer did not allow him to work for a total of 80 days due to work restrictions—a violation of a promise made to him in his collective bargaining agreement. Since the KWHA does not guarantee employees can work for a minimum number of days, Saunders was pursuing a right guaranteed *only* by his collective bargaining agreement. Here, the right to minimum wages and overtime are guaranteed both in the

CBA and the KWHA and the Plaintiffs have opted to rely on the latter. For this reason, the cases are not analogous.

During oral arguments, Zeon offered an insight from an old Supreme Court case: "A rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness, . . . as well as eviscerate a central tenet of federal labor contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Since the Supreme Court issued that opinion, it has clarified its stance in later decisions, making clear that "judges can determine questions of state law involving labor-management relations only if such questions do not require construing collective bargaining agreements." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). Such is the case here.

Moving to the second prong of the *DeCoe* analysis, the Plaintiffs' wage and hour claim would not require interpretation of the CBA. The substance of this case boils down to two determinations: (1) how many hours Plaintiffs worked; and (2) whether they were properly compensated. In assessing the first point, Zeon argues that calculating how many hours Plaintiffs worked "would require the Court to analyze the meaning of the terms 'regular shift' and 'work' under the CBAs." (Mem. in Support of Mot. to Dismiss at 10). While the Court agrees that deciding this case would require interpretation of those terms, it disagrees that the CBA should be utilized in making that interpretation. In answering this question, the Court should depend on Kentucky common law or, in the absence of Kentucky law on point, federal equivalent law that is substantially similar. *In re Amazon*, 852 F.3d at 615. The definitions within the CBA are completely unrelated to this analysis.

Next, the Court must determine whether Plaintiffs were properly compensated for their hours worked. The KWHA sets minimum wage standards and mandates that when an employee works more than forty hours per week, he should be compensated "at a rate of not less than one and one-half (1-1/2) times the hourly wage rate at which he is employed." Ky. Rev. Stat. § 337.285(1). Zeon argues that the CBA becomes inherently necessary for this part of the analysis because Kentucky law defines "wages" as compensation "agreed upon by the employer and employee." § 331.010(c)(1). Therefore, Zeon argues, because the CBA is the agreement between Zeon and Plaintiffs, the CBA will be necessary to determine whether Plaintiffs were properly compensated according to their agreed upon wages. However, if Plaintiffs are successful in proving their claim, it will only be necessary to refer to the CBA to calculate damages. On this point, the Supreme Court stated,

> A collective bargaining agreement may, of course, contain information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a working prevailing in a state-law suit is entitled. See *Baldracchi v. Pratt & Whitney Aircraft Div., United Technologies Corp.*, 814 F.2d at 106. Although federal law would govern the interpretation of the agreement to determine the proper damages, the underlying state law claim, not otherwise pre-empted, would stand. Thus, as a general proposition, a state-law claim may depend for its resolution upon both the interpretation of a collective bargaining agreement and a separate state-law analysis that does not turn on the agreement. In such a case, federal law would govern the interpretation of the agreement, but the separate state-law analysis would not be thereby pre-empted.

*Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994).

Lastly, the Court is unpersuaded by Zeon's argument that this lawsuit should be preempted because "the CBAs provide for premium pay and overtime beyond what is required under Kentucky law." (Mem. in Support of Mot. to Dismiss at 12). In arguing this point, Zeon relies on an unpublished case from the Northern District of Illinois that recognized that "another factor supporting preemption is if the CBA provides overtime compensation exceeding that provided in

the relevant state laws." *Curry v. Kraft Foods Global, Inc.*, No. 10 C 1288, WL 4338637, at 5−6 (N.D. Ill. Oct. 25, 2010). However, since that case was published, the same court has questioned its decision in later opinions. In another wage and hour case against Kraft Foods, the Northern District of Illinois held that if a state law required wages or overtime for compensable hours, the defendant "could not avoid that requirement by offering more compensation for higher hourly pay". *Whitmore v. Kraft Foods Global, Inc.*, 798 F. Supp. 2d 917, 924 (N.D. Ill. 2011). In so holding, the court found that "§ 301 does not convert state law complaints into federal claims merely because the parties have entered into a CBA." *Id.* at 925.

### IV. CONCLUSION

The Court concludes that the Plaintiffs' state wage and hour claim is not preempted by the LMRA. Federal law requires, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). For this reason, **IT IS HEREBY ORDERED** that the Plaintiffs' Complaint is **REMANDED** to the Jefferson County Circuit Court.

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 24, 2019

cc: counsel of record
    Jefferson County Circuit Court